UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-cv-10291-RWZ

JOHN F. RICHARDS,

Plaintiff,

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTION, ET AL.,

Defendants.

### DEFENDANT DEPARTMENT OF CORRECTION, DENNEHY AND MICI'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, THEIR OPPOSITION TO PLAINTIFF'S "MOTION FOR ORDER FOR DEFENDANTS TO PROVIDE PLAINTIFF WITH FUNDS AND MEANINGFUL ACCESS TO COURTS LIBRARY AND SUPPLIES"

Defendants Massachusetts Department of Correction, Kathleen Dennehy and Carol Mici, hereby move to strike plaintiff's "Motion for Order for Defendants to Provide the Plaintiff with Funds and Meaningful Access to Courts, Library and Supplies." In the alternative, for the following reasons, the aforesaid defendants oppose plaintiff's Motion.

In support thereof, and without waiving any defenses or other objections, the defendants state the following:

1. Plaintiff's Motion does not include a Certificate of Service, as required by local rule 5.2 ("Service and Filing of Pleadings and Other Papers"). Counsel for defendants only discovered the existence of this pending Motion while checking the docket sheet after being assigned this case. To the extent that plaintiff fails to

1

serve the appropriate parties with any pleadings or letters he files, all such documents should be stricken by the Court.

2. Plaintiff's Motion seeks, among other things, an order that he be provided with "meaningful and unimpeded access to the courts, adequate library time, supplies and assistance from persons who are trained in the law, and to provide the Plaintiff with whatever funds from his account that are necessary to file his papers and other legal documents with the court.

3. He also asks this Court to "order all of the defendants and their staff to stop impeding the plaintiff's access to the courts by way of the library and supplies. To the extent that this Motion resembles a Motion for Preliminary Injunction, plaintiff has failed to meet the necessary requirements and the Motion must be denied.

4. On December 31, 2003, plaintiff's request for additional library time was approved by MCI Shirley Director of Treatment Greg McCann. See Exhibit 1. According to the Affidavit of Greg McCann, attached as Exhibit 2, plaintiff has access to the library for two hours every morning, Monday through Friday and access each afternoon for several hours, depending on staffing availability. In addition, plaintiff may use the library on weekends from 1pm to 3pm when staffing is available.

5. Plaintiff's access to the library is consistent with the MCI Shirley library procedure, attached as Exhibit 3, as well as the Department

of Correction library policy, 103 CMR 478, attached as Exhibit 4. His claim that his access to the courts is impeded is without merit.

6. Plaintiff's name has been placed on the list for the next scheduled law clerk class. See Exhibit 5.

7. On April 2, 2004, Director of Treatment Greg McCann approved plaintiff's most recent request for additional library time. The extended library access expires on August 1, 2004. See Exhibit 6.

## ARGUMENT

In determining whether a preliminary injunction should issue, the Court must first evaluate the moving party's probability of success on the merits. If the Court is "convinced that failure to issue a preliminary injunction would subject the moving party to a substantial risk of irreparable harm, the Court must then balance this risk of irreparable harm against any similar risk of irreparable harm which granting the injunction would create for the opposing party." Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). Consequently, if the party seeking injunctive relief can demonstrate that the equitable relief sought is essential to prevent irreparable harm and the issuance of an injunction would create no substantial risk of harm to the opposing party, a "substantial possibility" of success on the merits warrants issuing the injunction. Id. See also Suarez-Cestero v. Pagan Rosa, 172 F.3d 102, 104 (1st Cir. 1999); DeNovellis v. Shalala, 135 F.3d 58, 62 (1st Cir. 1998).

However, a preliminary injunction is a drastic measure that a Court should not grant unless the movant, by a clear showing, carries its burden of persuasion. Benoit v. Hillman, 1998 WL 1181783, *3, citing Charles Wright and Arthur Miller, 11 Federal

3

Practice and Procedure, § 2948 at 129-130 (1995); See also Intel Corp. v. ULSI System Technology, Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993); Schawbel Corp. v. Conair Corp., 122 F.Supp.2d 71, 75 (D. Mass. 2000). The standard for the consideration of a request for preliminary relief is well settled. This Court must balance the risk of immediate, irreparable harm to the moving party should preliminary relief not be granted with the risk of harm to the non-moving party should the motion be allowed.

Central to this determination is whether the movant has a substantial likelihood of success on the merits, and the effect of the issuance of the requested preliminary relief on the public interest. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 615 (1980); Brookline v. Goldstein, 388 Mass. 443, 447 (1983). As set forth below, the plaintiff cannot satisfy the test for injunctive relief. Therefore, the Court should deny the plaintiff's "Motion for An Order for Defendants to Provide the Plaintiff with Funds and Meaningful Access to Courts, Library and Supplies."

**A.     Plaintiff has failed to demonstrate a substantial likelihood of success on the merits.**

In the instant case, it is clear that the plaintiff does not meet the burden of a substantial likelihood for relief on the merits. In Bounds v. Smith, 430 U.S. 817, 828 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The parameters of this right were more clearly defined in Lewis v. Casey, 518 U.S. 343 (1996). Lewis requires a prisoner to demonstrate some "actual injury" in the sense that the shortcomings in the prison law

4

library or legal assistance program have hindered his efforts to pursue a nonfrivolous legal claim. Lewis, 518 U.S. at 351-353.

A plaintiff meets this burden by showing that "an actionable claim ... which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided." Id. at 356. Therefore, it is not enough for Richards to allege that the library materials available to him are inadequate to meet his needs; he is required to show that the alleged deficiencies have hindered his efforts to present a nonfrivolous claim. Pulcio v. Commissioner of Correction, 52 Mass. App. Ct. 302, 311 (2001), citing Lewis v. Casey, 518 U.S. 343, 351-353 (1996).

Prisoners are not entitled to access to court which is state-of-the-art. Access need only be "adequate, effective, and meaningful." Bounds, 430 U.S. at 822; Blake v. Berman, 625 F.Supp. 1523, 1525 (D. Mass. 1986). The constitutional standard is satisfied when an inmate has the ability "to prepare a petition or complaint," Carter v. Fair, 786 F.2d 433, 435 (1st Cir. 1986), and "to participate meaningfully in the legal process." Sowell v. Vose, 941 F.2d 32, 34 (1st Cir. 1991). To the extent that "ancillary features", such as writing supplies, "affect merely comfort or convenience" of access, the plaintiff must show an "actual injury." Sowell v. Vose, 941 F.2d at 34. The court will not assume that a "less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers." Id. Richards has failed to allege how, if at all, he has been prejudiced by the alleged problems he perceives with the law library.

Richard's allegations are disproved by his own actions; i.e., by the fact that he was able to submit a neatly typed complaint, the instant Motion and various other

5

Motions and papers in this case. The alleged shortage of supplies and law books in "disrepair" are not impeding Richards in his litigation of this case. See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (*pro se* inmate appeared to have adequate access to law library where his brief "clearly seems to be the product of more than minimum competence.")

Moreover, no claim is raised by plaintiff's allegation that on occasion, legal documents are stored in a cardboard box on a counter in the library. Although Richards speculates that legal documents might be "breached," he does not claim that any of his materials were ever improperly handled, lost or "breached." His fear is unsubstantiated by any factual assertion. Injunctive relief may not be based on the mere possibility or unfounded fear of some future injury. Martin v. O'Grady, 738 F.Supp. 1191, 1195 (N.D. Ill. 1990). In addition, there is every presumption that public officials are motivated to act honestly and appropriately. LaPointe v. License Board of Worcester, 389 Mass. 454, 459 (1983).

Finally, the defendants have not violated the applicable library regulations. The Department of Correction provides photocopying services and legal supplies to inmates pursuant to its "Library Services" regulations, 103 Code Mass. Regs. § 478.00 (1994).[1] Those regulations state, in relevant part:

§ 478.11: Legal Services

    (1) General. The constitutional right of access to the courts requires that, when requested, inmates receive assistance in preparing and filing legal papers. This assistance may include access to law library facilities, instruction in the use of legal materials and reference assistance. However, such assistance shall not include legal advice or direction of legal research on the part of library personnel.

---

[1] A copy of these regulations is attached as Exhibit 4.

...

(4) <u>Photocopies</u>.

(a) Photocopying services shall be for the purpose of duplicating original legal documents and for the purpose of increasing access to the legal collection. The Superintendent shall designate the staff members responsible for photocopying legal documents and legal reference materials.

(b) All photocopy requests shall be compiled within reasonable amounts at no charge. In order to provide photocopying services to all inmates, the Superintendent may establish guidelines and limits, subject to the review of the Commissioner or his/her designee.

The librarian shall make reasonable efforts to secure materials not in an institution's collection but available through established inter-library loan procedures.

(5)   <u>Supplies.</u>

(a)   The institution shall make reasonable efforts to assist inmates in the preparation and processing of their legal documents. Items such as paper, pencils, and envelopes shall be provided to all inmates who request them and should be available free of charge. The superintendent may establish guidelines and limits for such services, subject to the approval of the reviewing authority.

(b)   Records shall be kept of access, photocopy use and supplies

dispersed, including to whom supplies were dispersed.

The MCI Shirley library procedures do not conflict with the state regulations in any way. In fact the regulations specifically allow the superintendent to designate a staff member, in this case the librarian, to be responsible for photocopying legal documents and legal reference materials. 103 Code Mass. Regs. § 478.11(4)(a). At Shirley, it is the librarian's responsibility to ensure that photocopying services are only utilized for "duplicating original legal documents and for the purpose of increasing access to the legal collection." Improper use of the photocopier prevents or delays the processing of legitimate photocopying requests and wastes scarce supplies such as paper, toner, etc.

7

With respect to furnishing writing supplies such as paper, pencils and envelopes, the regulations permit the superintendent to "establish guidelines and limits for such services, subject to the approval of the reviewing authority." 103 Code Mass. Regs. § 478.11(5)(a). Again, this is accomplished by the Shirley library procedure, under which inmates may obtain supplies such as pencils and limited amounts (five sheets) of paper from the librarian upon request.

For the foregoing reasons, plaintiff has failed to establish a likelihood of success on the merits and his Motion should be dismissed.

### B. Plaintiff Has Failed to Establish That The Denial of his Motion for Preliminary Injunction Will Result in Irreparable Harm.

Plaintiff also fails to meet the irreparable harm requirement. Plaintiff has not established that he has been prejudiced in any way by what he alleges is inadequate library time. In fact, he admits that his request for additional library time has been approved. Most recently, on April 2, 2004, plaintiff's second request for additional library time was approved. Accordingly, plaintiff's Motion should be denied.

### C. Defendant would suffer irreparable harm if plaintiff's Motions were allowed and A Preliminary Injunction would not be in the public interest.

The defendants, on the other hand, would suffer irreparable harm if the court allowed plaintiff's Motion. A Preliminary Injunction in this case would circumvent existing library policies and regulations promulgated by correctional officials for legitimate penological objectives and as such would not be in the public interest. Accordingly, the plaintiff should not be entitled to injunctive relief.

### CONCLUSION

WHEREFORE, for the foregoing reasons, the defendants respectfully request that

this Court **STRIKE** plaintiff's "Motion for Order for Defendants to Provide the Plaintiff with Funds and Meaningful Access to Courts, Library and Supplies," or in the alternative, **DENY** plaintiff's Motion.

Dated: April 8, 2004

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

_____
Jody T. Adams, Counsel
BBO No. 633795
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x169

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served on plaintiff (pro se) via first class mail.

Dated: 4/8/04

_____
Jody T. Adams, Counsel

9