UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-cv-10291-RWZ

JOHN F. RICHARDS
    Plaintiff,

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTIONS, ET;AL,
    Defendants.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION
FOR DISMISSAL/ALTERNATIVELY SUMMARY JUDGEMENT.

Now comes John F. Richards, the pro-se Plaintiff in the above captioned matter and respectfully moves this court to DENY the Defendants motion to dismiss, alternatively summary judgement, pursuant to Federal R. Civ. P. 12(b)(6), and 56, respectively.

As reasons therefore your Plaintiff attatches his momorandum of law, and exhibits, in support of his opposition herein.

Respectfully Submitted,

_____
John F. Richards pro-se,
C-49993/C-1 #22T.
MCI-Shirley (Medium).
P.O.Box-#1218/Harvard Road.
Shirley, Massachusetts
                     01464.

Dated: June 28, 2004.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-cv-10291-RWZ

JOHN F. RICHARDS
    Plaintiff,

v.

MASSACHUSETTS DEPARTMENT
OF CORRECTIONS, ET;AL,
    Defendants.

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS REQUEST FOR DISMISSAL AND/OR SUMMARY JUDGEMENT.

I-INTRODUCTION

The defendants, Massachusetts Department of Corrections, Kathleen Dennehy, and Carol Mici, requests a ruling pursuant to Fed. R. Civ. P. 12(b)(6), and 56, alternatively summary judgement, alleging that the plaintiff has not demonstrated beyond doubt that a provable set of facts exist which duly entitle him to relief. Nader v. Citron, 372 Mass. 96. 98, 360 N.E.2d 870 (1977).

The plaintiff's, however, are given the benefit of doubt and the court accepts as true such inferences as may be drawn from their complaint in their favor. Nader, supra.

-1-

In **Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College,** 413 Mass. 66, 71, 595 N.E.2d 316 (1992), the court said that a plaintiff can withstand a motion to dismiss if he has alleged facts that do entitle him to relief, notwithstanding if he has not alleged the correct legal theory in his complaint.

Further, the court is limited to the contents of the complaint itself when considering a R. 12(b)(6) motion to the court. **Whitehall v. Merrimack Valley Dist. Co., Inc.,** 56 Mass. App. Ct. 853, 856 n.6, 780 N.E.2d 479 (2002), (quoting **Epstein v. Seigel,** 396 Mass. 278-79, 485 N.E.2d 947 (1985).

"The rules of pleading in Massachusetts are generous." **Capazzoli v. Holzwasser,** 397 Mass. 158, 162, 490 N.E.2d 420 (1986) (Abrams, J., concur.) (quoting **Spence v. Boston Edison Co.,** 390 Mass. 604, 615, 459 N.E.2d 90 (1983).

"Rule 12(b)(6) is not even a blunt instrument and should seldom be the weapon of first choice. Rule 56 is the deadly one." **Kirkland Constr. Co. V. James,** 39 Mass. App. Ct. 559, 565, 658 NE.E2d 699 (1995).

The Plaintiff's are heedful of the boilerplate language setting out the prescribed scenario, to be followed in a summary judgement context, while reiterating their claim that the defendants misapply the regulations or law as to the facts in this matter. **Community Nat'l. Bank v. Dawes,** 369 Mass. 550, 553, 556, 340 N.E.2d 877 (1976).

Therefore, the plaintiff's have demonstrated a provable set of facts entitling them to relief, that they stated their claim clearly, which is sufficient to negate the defendants' move for dismissal of summary judgement. Cf. **Kourouvacilis V. General Motors Corp.**, 410 Mass. 706, 715, 575 N.E.2d 734 (1991) ("Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient.").

Contracting out Medical Care "does not" relieve the State of its Constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment Rights. The State bore an affirmative obligation to provide adequate care to West; the State deligated that function to respondent Atkins; and respondent voluntarilly assumed that obligation by contract. **West v. Atkins 487 US 42, 56, 108 S.Ct 2250.**

## II-ARGUMENT

1. There is only one (1) argument here and that is that the defendants should be responsible for the actions of the staff at MCI-Shirley (medium). They are in the roles of supervisory personnell and should do the jobs at which they have been chosen to do. This kind of situation would not happen and could not happen if there was some supervision here and the medical personnell were held accountable for their actions. The medical personnell although contract personnell should not be able to abuse inmates, throw parties and hang around the health services unit all day palying with the correctional staff.

2. The defendans Carol Mici, and Kathleen Dennehy both have the power to put an end to this matter. They have the power to change the way things are done here at MCI-Shirley (Medium), and they should not be allowed to duck out of their responsabilities as administrators. These responsabilities are covered in the Massachusetts General Laws Chapter 124§1 et;seq.,and Mass. General Law Chapter 127§32, (copy enclosed).

3. The plaintiff has suffered daily as a result of injuries yet to be diagnosed and/or treated and it needs to end. It could have ended long before this action "if" the defendants had chose to do the right thing for the plaintiff instead of looking the other way. Health services personnell are supposed to be here at MCI-Shirley (Medium) to provide care and treatment to inmates, not to hang out, eat, party, and run a dating service for the correctional staff. Tens on millions of dollars are funneled into this broken system and someone needs to correct it. Both Carol Mici and Kathleen Dennehy have this power and should use it to correct not only the plaintiff's situation, but also the overall medical treatment of all prisoners here at Shirley.

4. The plaintiff realizes that he cannot pursue this action against the Mass.Dept. of corrections as they are right and the plaintiff cannot sue them as they are not a person. The plaintiff has no problem with that at all but feels that this action with regards to Ms.Mici and Ms.Dennehy should be able to move forward as there is a real genuine issue of fact for trial and this Honorable court should not let them skate form their duties and responsabilities.

5 The plaintiff is still in constant pain, is in fear of his health and safety at the hands of these medical personnell , and your plaintiff PRAYS that this Honorable Court will step in and ORDER the defendants to provide the plaintiff with the medical care he has been seeking, including a diagnosis and a treatment plan.

6. **WHEREFORE**, The palintiff PRAYS that this Honorable Court DENY the defendants motion for summary judgement, orders the defendants to provide treatment to the plaintiff, and ALLOWS this action to move forward.

> RESPECTFULLY SUBMITTED,
>
> _____
> John F. Richards pro-se,
> C-49993/C-1 #58B.
> MCI-Shirley (Medium).
> P.O.Box-1218/Harvard Road.
> Shirley, Massachusetts
>                               01464.

Dated: June 28, 2004.

-5-

## CERTIFICATE OF SERVICE

I John F. Richards, the pro-se Plaintiff, hereby certify that on this date a true copy of the above document was served on Nancy Ankers White Esquire, Chief Legal Counsel for the Defendants, Massachusetts Department of Corrections, Kathleen M. Dennehy, and Carol Mici, via First Class Mail.

Dated: June 28, 2004.

John F. Richards
pro-se,

EXHIBIT - A.

## DEPARTMENT OF CORRECTIONS

- retrieve current, comprehensive history and citing references to a case with KeyCite

For more information on using Westlaw to supplement your research, see the Westlaw Electronic Research Guide, which follows the Preface.

*The section headings for Massachusetts General Laws Annotated have been editorially supplied.*

### Cross References

Correctional institutions of the commonwealth, see c. 125, § 1 et seq.
Department of correction, generally, see c. 27, § 1 et seq.
General provisions relative to state departments, commissions, officers and employees, see c. 30, § 1 et seq.
Mental health legal advisors committee, volunteer legal assistance program, see c. 221, § 34E.
New England interstate corrections compact, see c. 125 App., § 1–1 et seq.
State administrative procedure, see c. 30A, § 1 et seq.

### Code of Massachusetts Regulations

Correctional industries, department of corrections, see 103 CMR 455.01 et seq.

### Law Review and Journal Commentaries

County jails and houses of correction. George F. McGrath, 9 Ann.Surv.Mass.L. 128 (1962).

Miranda as part of a prisoner's bill of rights: First circuit, 1973–1974 term. (1975) 9 Suffolk U.L.Rev. 576.

Penal reform; powers and duties of department of correction. George F. McGrath, 2 Ann. Surv.Mass.L. 119 (1955).

Power of federal courts to order a state agency to cure a constitutional violation of another state agency: First Circuit, 1973–1974 term. (1975) 9 Suffolk U.L.Rev. 316.

Requirements for state prison disciplinary hearings: First circuit, 1973–1974 term. (1975) 9 Suffolk U.L.Rev. 533.

### Library References

Prisons ⚖=9.
WESTLAW Topic No. 310.

C.J.S. Prisons and Rights of Prisoners §§ 16, 20.

### United States Supreme Court

Confinement conditions and practices, custodial facilities, see Bell v. Wolfish, U.S.N.Y.1979, 99 S.Ct. 1861, 441 U.S. 520, 60 L.Ed.2d 447.

## § 1. Powers and duties of commissioner of correction

In addition to exercising the powers and performing the duties which are otherwise given him by law, the commissioner of correction, in this chapter called the commissioner, shall:

(a) designate, establish, maintain, and administer such state correctional facilities as he deems necessary, and may discontinue the use of such state correctional facilities as he deems appropriate for such action; provided that no state or county correctional facility named in paragraph (n) of section one of

2

## DEPARTMENT OF CORRECTIONS

*124 § 1

chapter 125 shall be discontinued without specific authorization and approval of the General Court;

(b) maintain security, safety and order at all state correctional facilities, utilize the resources of the department to prevent escapes from any such facility, take all necessary precautions to prevent the occurrence or spread of any disorder, riot or insurrection at any such facility, including but not limited to the development, planning, and coordination of emergency riot procedures with the colonel of state police, and take suitable measures for the restoration of order;

(c) establish and enforce standards for all state correctional facilities;

(d) establish standards for all county correctional facilities and secure compliance with such standards, if necessary, through the enforcement provisions of section one B of chapter one hundred and twenty-seven;

(e) establish, maintain and administer programs of rehabilitation, including but not limited to education, training and employment, of persons committed to the custody of the department, designed as far as practicable to prepare and assist each such person to assume the responsibilities and exercise the rights of a citizen of the commonwealth;

(f) establish a system of classification of persons committed to the custody of the department for the purpose of developing a rehabilitation program for each such person;

(g) determine at the time of commitment, and from time to time thereafter, the custody requirements and program needs of each person committed to the custody of the department and assign or transfer such persons to appropriate facilities and programs;

(h) establish training programs for employees of the department and, by agreement, other corrections personnel;

(i) investigate grievances and inquire into alleged misconduct within state correctional facilities;

(j) maintain adequate records of persons committed to the custody of the department;

(k) establish and maintain programs of research, statistics and planning, and conduct studies relating to correctional programs and responsibilities of the department;

(l) utilize, as far as practicable, the services and resources of specialized community agencies and other local community groups in the rehabilitation of offenders, development of programs, recruitment of volunteers and dissemination of information regarding the work and needs of the department;

(m) make and enter any contracts and agreements necessary or incidental to the performance of the duties and execution of the powers of the department, including but not limited to contracts to render services to committed offenders, and to provide for training or education for correctional officers and staff;

3

127 § 28                                                    PRISONS

### Historical and Statutory Notes

St.1890, c. 316, § 2.  R.L.1902, c. 225, § 20.  St.1931, c. 350, § 7.
St.1900, c. 260, § 2.  St.1911, c. 181.

St.1955, c. 770, § 23, an emergency act, approved Sept. 12, 1955, and by § 123 made effective Oct. 20, 1955, rewrote the section, which prior thereto read:

"The warden of the state prison, the superintendents of the state prison colony, of the Massachusetts reformatory and of the reformatory for women, respectively, and the keepers of jails and houses of correction shall keep a record of such descriptions and finger prints and of the criminal history of prisoners so described and finger printed, as shown by the records of the courts of the commonwealth or of any other state or by any other official records which are accessible, and shall attach to the record, or file in such manner as to be readily found, a photograph of such prisoner."

St.1957, c. 777, § 10, approved Sept. 24, 1957, substituted "superintendents" for "principal officers".

St.1972, c. 805, § 4, approved July 19, 1972, added the second sentence.

### Library References

Criminal Law ⚖=1226(1).
Prisons ⚖=9, 12.
WESTLAW Topic Nos. 110, 310.

C.J.S. Criminal Law § 1734.
C.J.S. Prisons and Rights of Prisoners §§ 6, 16, 20, 25, 50 to 53, 55, 59.

### § 29.  Publication of records; exhibition of records

The record required by the preceding section shall not be published except so far as may be necessary for the identification of persons convicted of larceny or any felony after their release from prison; but the officer in charge of a prison shall exhibit the record to any person upon the order of a justice of the superior court or of a district attorney. A copy of the descriptions including copies of finger prints, photographs and criminal histories shall upon request be furnished by the officer in charge of any prison to the colonel of state police or to the principal officer of a prison in any other state which requires by law the finger printing and description of convicts and has provided for furnishing information concerning criminals to other states. However, publication of any records required by section twenty-eight which are kept on systems operated by the criminal history systems board shall be in accordance with the regulations of said board.

Amended by St.1972, c. 805, § 5; St.1996, c. 151, § 288.

### Historical and Statutory Notes

St.1890, c. 316, § 4.   St.1900, c. 260, § 1.   St.1931, c. 350, § 8.
St.1899, c. 203.         R.L.1902, c. 225, § 21.

St.1972, c. 805, § 5, approved July 19, 1972, added the third sentence.

St.1996, c. 151, § 288, approved June 30, 1996, and by § 690 made effective July 1, 1996, in the second sentence, substituted "colonel of state police" for "commissioner of public safety".

### Library References

Criminal Law ⚖=1226(2).
Prisons ⚖=12.
WESTLAW Topic Nos. 110, 310.

C.J.S. Criminal Law §§ 1734 to 1736.
C.J.S. Prisons and Rights of Prisoners §§ 6, 20, 25, 50 to 53, 55, 59.

---

PRISONS                                                    127 § 32

### § 30.  Compensation to officers; reimbursement

No compensation shall be allowed to an officer for the performance of any services required by sections twenty-three to twenty-nine,[1] inclusive, but he shall be reimbursed by the commonwealth for his actual traveling expenses incurred in the performance of any duties therein required.

[1] Sections 24 and 26 of this chapter are repealed.

### Historical and Statutory Notes

St.1890, c. 316, § 5.   R.L.1902, c. 225, § 22.   St.1931, c. 350, § 9.
St.1900, c. 260, § 1.   St.1931, c. 301, § 103.

### Library References

Prisons ⚖=8.                C.J.S. Prisons and Rights of Prisoners §§ 18 to 19.
WESTLAW Topic No. 310.

### § 31.  Repealed by St.1931, c. 350, § 10

### § 32.  Treatment of prisoners

The superintendents of the institutions under the supervision of the department of correction shall treat the prisoners with the kindness which their obedience, industry and good conduct merit.

Amended by St.1955, c. 770, § 24; St.1957, c. 777, § 11.

### Historical and Statutory Notes

R.S.1836, c. 144, § 52.   P.S.1882, c. 221, § 25.
G.S.1860, c. 179, § 38.   R.L.1902, c. 225, § 24.

St.1955, c. 770, § 24, an emergency act, approved Sept. 12, 1955, and by § 123 made effective Oct. 20, 1955, rewrote the section, which prior thereto read:

"The warden and officers of the state prison shall treat the prisoners with kindness so long as they merit such treatment by their obedience, industry and good conduct."

St.1957, c. 777, § 11, approved Sept. 24, 1957, substituted "superintendents" for "principal officers".

### Law Review and Journal Commentaries

Due process in prison disciplinary proceedings. William Babcock (1981) 22 B.C.L.Rev. 1009.

Press interviews of prisoners: Supreme Court, 1973 term. (1974) 88 Harv.L.Rev. 165.

Prison overcrowding: Double celling by what standard? (1982) 23 B.C.L.Rev. 713.

Requirements for state prison disciplinary hearings: First circuit, 1973–1974 term. (1975) 9 Suffolk U.L.Rev. 533.

### Library References

Prisons ⚖=13(1).
WESTLAW Topic No. 310.
C.J.S. Prisons and Rights of Prisoners § 20.

### Westlaw Electronic Research

See Westlaw Electronic Research Guide following the Preface.